<hr/>

## MATTHEWS *v.* GILLERAN.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

1. ATTACHMENT AGAINST NON-RESIDENT—SERVICE BY PUBLICATION.
    In an action in which an attachment had been granted against property of defendant, as a non-resident, an affidavit to obtain an order for service of the summons by publication averred that plaintiff would be unable, with due diligence, to make personal service within the state, because he could not be found therein, and resided in another state, where was his place of business. *Held*, that this was proof of inability to make personal service, sufficient to sustain the attachment on motion to vacate.[1]

2. WRITS—SERVICE.
    After an order for service of a summons by publication, made under Code Civil Proc. N. Y. § 440, providing that service may be made by publication, as prescribed, "or, at the option of the plaintiff, * * * without the state, upon the defendant personally," etc., such personal service without the state is sufficient, without the publication and mailing of a copy of the summons.[1]

Appeal from special term, Kings county.

Action by Frank A. Matthews against Peter Gilleran. An attachment against the property of defendant, as a non-resident, having been granted and levied on goods assigned by him for benefit of his creditors to Keys D. Brown, a motion was made by said assignee to vacate the attachment, and was denied. From the order denying his motion, said assignee appeals. An affidavit to obtain an order for service of the summons in the action by publication, made by a clerk and salesman in the employ of plaintiff, besides other averments, alleged "that deponent knows that the plaintiff will be unable, with due diligence, to make personal service of the summons in this action on said defendant within this state; that the same cannot be so served because he cannot be found therein to make service upon him; that he cannot be found here, because he resides in the state of Rhode Island; that his place of business is in the state of Rhode Island; that his time is passed in said state in superintending the manufacture of woolen cloth, being the business carried on by him." Code Civil Proc. N. Y. § 440, relating to orders for service of summons by publication, provides that such an order must direct that service be made by publication in two newspapers, etc., "or, at the option of the plaintiff, by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant personally," etc.; and that "it must also contain either a direction that, on or before the day of the first publication, the plaintiff deposit, in a specified post-office, one or more sets of copies of the summons, complaint, and order, each contained in a securely closed post-paid wrapper, directed to the defendant, at a place specified in the order, or a statement" dispensing with the deposit of such papers in the post-office. It appeared that the summons, complaint, and attachment in this case were served on defendant personally in the state of Rhode Island, and there had been no publication thereof or deposit of papers in the post-office.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

[1] See note at end of case.

*George W. Van Slyck*, for appellant.   *Sidney V. Lowell*, for respondent.

DYKMAN, J.   This is an appeal from an order denying a motion to set aside an attachment issued against the defendant on the ground of his non-residence, which is not denied.   The summons, complaint; and attachment papers were served on the defendant personally in the state of Rhode Island, after an order for service by publication had been obtained in the action.   The grounds upon which the defendant based his motion were the insufficiency of the affidavit to sustain the attachment, and the failure to make publication of the summons, in pursuance of the order, in addition to the personal service on the defendant outside of the state.   Neither of the positions are sustained, and the order should be affirmed, with $10 costs and disbursements.

. NOTE.

SERVICE OF PROCESS BY PUBLICATION—CONSTITUTIONALTY OF STATUTE.   The statutes authorizing service by publication in lieu of personal service are constitutional.   Coffin v. Lesster, 36 Hun, 347; Vatable v. Railroad Co., 96 N. Y. 49.

SERVICE ON INFANTS.   Code Civil Proc. N. Y. § 438, authorizing service of process by publication, applies to infants as well as to adults.   Bank v. Burton, 6 Civil Proc. R. 216; Wheeler v. Cabre, 50 N. Y. 667.

—— DOMICILE OF INFANTS.   The place of residence of the mother having the care and custody of a child will be regarded as the place of residence of the child under the statutes relating to publication against non-residents.   Bank v. Burton, 6 Civil Proc. R. 216.

NON-RESIDENT REPRESENTATIVES OF DECEDENTS.   Whether the statute applies to non-resident representatives of decedents, *quære.*   Angell v. Lawton, 76 N. Y. 540.

RETURN OF DEFENDANT PENDING PUBLICATION.   Where an order of publication is granted on the ground that defendant has left the state with intent to defraud creditors, and he returns before the time of publication expires, it is not necessary to make personal service on him.   Duche v. Voisin, 18 Abb. N. C. 358.

RIGHT TO DEMAND COPY OF SUMMONS AND COMPLAINT.   Where defendant has been summoned by publication he may, under Code Civil Proc. N. Y. § 479, appear and demand a copy of the summons and complaint to be delivered to him personally, if one has not been so delivered to him without the state, though one was served on him by mail; and he has 20 days after such personal service to answer.   Van Zandt v. Van Zandt, 10 N. Y. Supp. 200.

VALIDITY OF ORDER — HOW DETERMINED.   The validity of an order of publication will be judged solely on the affidavits on which it was granted.   Wortman v. Wortman, 17 Abb. Pr. 66.

WHEN PUBLICATION WILL BE ALLOWED.   In an action for divorce, an order of publication will not be granted on the affidavit of plaintiff alone, without other proof of defendant's non-residence.   Hall v. Hall, 10 N. Y. Supp. 223.   An order of publication will be granted against an unknown defendant in foreclosure proceedings.   Wheeler v. Cabre, 50 N. Y. 667.   Mere non-residence is not sufficient to authorize an order of publication.   Fetes v. Volmer, 8 N. Y. Supp. 294; Hyatt v. Swivel, 52 N. Y. Super. Ct. 1; Wortman v. Wortman, 17 Abb. Pr. 66; Peck v. Cook, 41 Barb. 549; Waffle v. Goble, 53 Barb. 517.   Neither is it necessary to show that defendant is a non-resident.   It is sufficient that after due diligence he cannot be found within the state.   Barnard v. Heydrick, 49 Barb. 62.   Under Code Civil Proc. N. Y. § 438, subd. 5, which authorizes service by publication where the complaint demands judgment affecting specific real property within the state, and section 439, which provides that the order may be granted on "proof by affidavit of the additional facts required by the last section; and also where the application is made upon the ground that the defendant is * * * not a resident of the state, or in a case specified in subdivision fourth, fifth, or seventh of the last section, that plaintiff has been or will be unable, with due diligence, to make personal service of the summons," an order of publication will be granted in an action to foreclose a mortgage, where it is shown by the affidavits that defendants are absent abroad so that process cannot be served on them.   Coffin v. Lesster, 36 Hun, 347.   An order of publication will not be granted unless plaintiff presents a verified complaint, as required by Code Civil Proc. N. Y. § 439; Ladd v. Terre Haute, etc., Co., 13 Wkly. Dig. 209.   An order of publication may be granted, though the action is one in which an attachment could not be granted, or a judgment by default entered.   Clarke v. Boreel, 21 Hun. 594; Wood v. Iron Co., 1 Civil Proc. R. 220.   *Contra*, as to attachment, Warren v. Tiffany, 17 How. Pr. 106.

The fact that defendant cannot after due diligence be found in the state is jurisdictional, and must be proved.   Peck v. Cook, 41 Barb. 549.

EQUITABLE ACTION.   An order of publication may be granted in an equitable action. Lefferts v. Harris, 10 Abb. Pr. (N. S.) 2, note.

AVOIDING SERVICE OF PROCESS. One who openly avoids service by eluding the offi-
cer does not keep himself concealed within the meaning of the statute authorizing an
order of publication in such cases. Van Rensselaer v. Dunbar, 4 How. Pr. 151.

PROPERTY WITHIN STATE. The bonds of a foreign corporation, having an agent in
the state, and not the obligations which they evidence, are personal property, within
the provision of Code Civil Proc. N. Y. § 438, subd. 5, which declares that an order di-
recting service of a summons by publication may be made where the complaint demands
judgment affecting the title to specific personal property within the state; and, when
the bonds are without the state, in the possession of defendants, an order of publication
against them should not be granted. Von Hesse v. Mackaye, 8 N. Y. Supp. 894, revers-
ing 5 N. Y. Supp. 790. This decision was affirmed without opinion in 24 N. E. Rep. 1099.
The existence of property within the state is a jurisdictional fact, and the findings of
the judge, on the *ex parte* application for the order, that defendant has property within
the state, are not conclusive. Fiske v. Anderson, 12 Abb. Pr. 8. Where it appears that
the only property of defendant within the state is a team driven into the state tempo-
rarily, with the purpose of returning forthwith, an order of publication will be denied.
Haight v. Husted, 5 Abb. Pr. 170; affirming 4 Abb. Pr. 348.

—— PARTITION SUITS—UNKNOWN OWNERS. Section 135 of the Code of Procedure,
authorizing service of summons by publication, and section 175, providing that a de-
fendant may be designated by a fictitious name when his real name was unknown, did
not apply to "unknown owners" in partition suits. In such cases section 448, regulat-
ing partition suits, governed. Sandford v. White, 56 N. Y. 359.

WHO MAY MAKE ORDER OF PUBLICATION. Code Civil Proc. N. Y. § 440, provides
that "the order may be made by a judge of the court or the county judge of the county
where the action is triable." Under this provision it has been held that the court at
special term cannot make the order, and that publication on an order made by the court
is not a mere irregularity, but an entire failure of jurisdiction. Crosby v. Thedford, 7
Civil Proc. R. 245; Schumaker v. Crossman, 12 Wkly. Dig. 99. Where an order of pub-
lication was made by a justice at chambers, but has a caption as if made at special
term, it is not void, but may be amended by striking out the caption. Coffin v. Lesster,
36 Hun, 347; Phinney v. Broschell, 80 N. Y. 544; Mojarrieta v. Saenz, 80 N. Y. 553.

In a suit to foreclose a mortgage the order for service of the summons by publication
bore the caption, "At a special term," etc., and at the end thereof appeared in the
judge's handwriting, "Ent. H. W. R." It also contained the usual recitals of a special
term or "court" order: "Upon reading and filing" certain affidavits and other papers,
etc. Code Civil Proc. § 440, then in force, prescribed that the order for publication
should be made, not by the court, but by a judge. *Held*, that the title deduced through
such a suit was not fatally defective, as the caption and direction to enter might be
disregarded, and the order treated as a chambers order. Regan v. Traube, 9 N. Y.
Supp. 495.

CONTENTS OF ORDER. An order of publication is sufficient though it does not state,
in the clause dispensing with the mailing of copies of the summons, etc., (Code Civil
Proc. § 440,) that the judge is satisfied "by the affidavits" on which the order was
granted that plaintiff could not ascertain the place at which defendant would receive
matter transmitted through the post-office. Green v. Squires, 20 Hun, 15. In Towsley
v. McDonald, 32 Barb. 604, it was held that the order must direct a copy of the sum-
mons, etc., to be deposited in the post-office directed to defendant at his place of resi-
dence, though the affidavit shows that he has departed therefrom. See, also, Warren v.
Tiffany, 17 How. Pr. 106. The last two cases do not seem to be in harmony with that part
of section 440 of the Code which dispenses with the provisions as to mailing, where the
order contains a statement that the judge is satisfied by the affidavits on which the
order was granted that the plaintiff cannot, with reasonable diligence, ascertain a place
or places where the defendant would probably receive matter transmitted through the
post-office.

It is not necessary that the order should contain the alternative provision of section
440 that service may be made "at the option of the plaintiff, by personal service of the
summons and of a copy of the complaint and order upon the defendant personally with-
out the state." O'Neil v. Bender, 30 Hun, 204, distinguishing Ritten v. Griffith, 16 Hun,
454.

—— MISTAKE IN DEFENDANT'S NAME. Service is not vitiated by a clerical mistake in
the order as to defendant's given name, where the affidavit and the copies of the paper
served on defendant contain the correct name. McCully v. Heller, 66 How. Pr. 468.
In Brooke v. Saylor, 44 Hun, 554, it was held that a substantial compliance with section
440 of the Code of Civil Procedure is sufficient. Here the order omitted to name de-
fendants in that part of the order which directed the mailing of a copy of the sum-
mons, merely ordering that they be addressed "to ——, Royersford, Pennsylvania."
The court said that it was clearly indicated that the copy "was to be addressed to the de-
fendants, upon whom, and upon whom only, it was necessary to serve a copy of the pa-
pers, and who, in an earlier portion of the order, are stated to reside or to do business
in or about the place named." This case distinguished Ritten v. Griffith, 16 Hun, 454,
and cited Green v. Squires, 20 Hun, 15; Weil v. Martin, 24 Hun, 645.

In the following cases it was held that, to authorize an order of publication, the re-

quirements of the Code must be strictly complied with: Hallett v. Righters, 13 How. Pr. 43; Cook v. Farnam, 21 How. Pr. 286; Wortman v. Wortman, 17 Abb. Pr. 66.

COMPLIANCE WITH ORDER. The order is complied with by publishing a copy which is substantially correct. Van Wyck v. Hardy, 39 How. Pr. 392. See, also, Cook v. Kelsey, 19 N. Y. 412; Titus v. Relyea, 16 How. Pr. 371. Personal service on defendant, without the state, has no greater effect than publication, and the depositing of copies. in the post-office, but is merely a substitute therefor. Fiske v. Anderson, 33 Barb. 71.

—— FAILURE TO DIRECT PUBLICATION. Under said section 440, an order which directs personal service without the state, but contains no direction as to publication or mailing copies, is void. Buford v. Iron Mine, 2 N. Y. Supp. 699; Ritten v. Griffith, 16 Hun, 454.

—— MAILING SUMMONS. Under Code Civil Proc. N. Y. § 440, providing that an order of publication must contain, among other things, "a direction that, on or before the first day of publication, the plaintiff deposit in a specified post-office" copies of the summons, complaint, and order, "directed to the defendant at a place specified in the order," it is a fatal defect not to designate in the order the post-office in which the copies are to be deposited. Walter v. De Graaf, 19 Abb. N. C. 406. See, also, McCool v. Boller, 14 Hun, 73. The "place specified in the order" to which the copies must be directed must be shown by the affidavit on which the order is based to be either that of defendant's residence or a place at which he would probably receive matter transmitted through the post-office; and, where the affidavit shows that defendant resides at "Marion, Washington County, Iowa," the order directing the papers to be mailed to "Washington, Iowa," is fatally defective. Fetes v. Volmer, 8 N. Y. Supp. 294. An order of publication is not void because it does not state the place to which the copy of the summons, etc., shall be sent by mail, where the affidavit shows that defendant's whereabouts could not be ascertained. Spaus v. Schaffner, 2 N. Y. Supp. 189; Walker v. Reiff, 13 Wkly. Dig. 331. Under Code Civil Proc. N. Y. § 440, which provides that an order for the service of summons by publication must direct service on defendant "to be made by publication in two newspapers, * * * or at the option of the plaintiff by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant personally. * * * It must also contain either a direction that, on or before the day of the first publication, the plaintiff deposit, in a specified post-office * * * copies of the summons, complaint, and order, * * * or a statement that the judge * * * dispenses with the deposit of any papers," in the post-office, the order of publication need not contain the provision as to mailing, where plaintiff intends to serve the summons personally without the state, but not. to publish it. Kennedy v. Arthur, 11 N. Y. Supp. 661. Service by publication is insufficient where the order does not specify the post-office to which the copy of the summons, etc., shall be directed to defendant, unless the affidavit shows, as required by Code Civil Proc. N. Y. § 440, that plaintiff could not, "with reasonable diligence, ascertain a place or places where the defendant would probably receive matter transmitted through the post-office." Jewitt v. Jewitt, 2 N. Y. Supp. 250; Cook v. Farnam,. 21 How. Pr. 286.

It vitiates service by publication to indorse on the envelope in which the copy to be sent by mail is inclosed that, if it is not called for within a given time, it is to be returned. Gaffney v. Bigelow, 48 How. Pr. 475.

—— DELAY IN MAILING. A delay of 15 days after the order is made in mailing copies. of the summons, etc., is an irregularity which will vitiate the proceedings. Back v. Crussell, 2 Abb. Pr. 386.

—— DEPOSIT IN STREET LETTER-BOX. As to deposit in street letter-boxes, see Bank v. Crow, 5 Daly, 191, and Bank v. De Groot, 7 Hun, 210, where it was held that a deposit in such box of a notice of protest was a deposit in the post-office.

PAPERS ON WHICH ORDER MAY BE MADE—COMPLAINT. A complaint in a judgment creditor's action to subject to his debt certain copyrights and royalties thereon, which copyrights the judgment debtor has assigned to defendant, a resident of another state,. does not "show a sufficient cause of action against the defendant," within Code Civil Proc. N. Y. § 439, so as to authorize an order of publication. Bryan v. Publishing Co., 19 N. E. Rep. 825; reversing 2 N. Y. Supp. 355. A copy of the complaint with an affidavit showing it to be such copy may be presented where the original verified complaint has been filed. Stow v. Stacy, 14 Civil Proc. R. 45; McCully v. Heller, 66 How. Pr. 468.

—— VERIFICATION. Where the complaint is sworn to without the state, it will be regarded as unverified unless it is certified in the manner required to entitle a deed so. acknowledged to be recorded in this state. Code Civil Proc. § 844; Phelps v. Phelps, 6 Civil Proc. R. 117, affirmed in 32 Hun, 642; Williamson v. Williamson, 3 Civil Proc. R. 69.

AFFIDAVIT—GENERAL REQUIREMENTS. The affidavit should aver that the summons and complaint have been made out; that a cause of action exists; that defendant is a resident of the state, or has property therein; and that due diligence has been made to. serve the summons and complaint, or that defendant is not in the state. Rawdon v. Corbin, 3 How. Pr. 416; Vernam v. Holbrook, 5 How. Pr. 3. The affidavit may be made by plaintiff. Waffle v. Goble, 53 Barb. 517.

AFFIDAVITS MADE IN ANOTHER ACTION.  Affidavits made and entitled in another action may be read in support of an application for an order of publication.  Barnard **v.** Heydrick, 49 Barb. 62.

—— NON-RESIDENCE.  An affidavit on information and belief that defendant is not a resident of this state, (New York,) but resides at a certain place in another state, and that personal service cannot, with due diligence, be had on him in this state, is sufficient under Code Civil Proc. N. Y. § 438, subd. 1, authorizing service by publication, where defendant, "being a natural person, is not a resident of the state." Walter v. De Graaf, 19 Abb. N. C. 406.

In Wichman v. Aschpurwis, 55 N. Y. Super. Ct. 218, it was held that the affidavits showed that plaintiff was "unable to ascertain whether the defendant is or is not a resident of the state, " within section 438, subd. 1, where they showed due diligence in trying to serve the summons, and alleged that defendant had a wife and land in the state; that he had been indicted for a crime, and had not appeared or communicated with his bondsmen; that the police had searched for him in vain; and that he had not demanded the rents due him.  In Seiler v. Wilson, 43 Hun, 629, it was held that the affidavit for an order of publication, made by plaintiff's attorney, was sufficient, where it stated that affiant had, in good faith, made diligent search for defendants, but could not find them in this state; that he was unable to serve the summons on either of them; that the summons had been placed in the hands of the sheriff, who had made return that defendants could not be found; and that affiant is informed and believes that defendants are non-residents of this state, and reside at places named in another state.

An affidavit made by plaintiff's attorney is sufficient which alleges that affiant placed the summons in the hands of a person who searched for one week; that he (affiant) then placed the summons in the hands of the sheriff, who returned it "not found, " and has annexed thereto the summons, with the sheriff's return, that he used due diligence to find defendant, but that, from the best information that he could obtain, defendant is not a resident, and is not now in the county.  Spaus v. Schaffner, 2 N. Y. Supp. 189.

—— INABILITY TO MAKE PERSONAL SERVICE.  Under Code Civil Proc. N. Y. § 439, providing that the affidavit on which an order of publication against a non-resident is obtained shall allege that "plaintiff has been or will be unable, with due diligence, to make personal service of the summons, " an affidavit which does not contain such allegation is fatally defective.  Fetes v. Volmer, 8 N. Y. Supp. 294.  An affidavit in an action in which land has been attached which alleges that "defendant is a non-resident of this state, nor can be found therein, but has a place of residence at Mattawan in the state of New Jersey, " is sufficient.  McCracken v. Flanagan, 5 N. Y. Supp. 338.  An affidavit is sufficient where it shows that defendant is a non-resident of the state, gives his actual residence, and states that he "cannot be served personally within the state of New York, as he is now, and has been for some time, a resident of the city of Denver." Jerome v. Flagg, 1 N. Y. Supp. 101.  An affidavit which states on information and belief that defendant was formerly a resident of the state, but that she now resides at B., in New Jersey, shows that no diligence will enable plaintiff to make personal service within the state.  Hudson v. Kowing, 4 N. Y. St. Rep. 866.  An affidavit made by plaintiff's attorney, partly on his own knowledge, and partly on information derived from certain specified persons, is sufficient, where it alleges that defendants are not in the state, but are at certain specified places in other states; that affiant had used due diligence to find them, and that they could not be found within the state; and that plaintiff had been and would be unable, with due diligence, to make personal service on defendants within the state.  Jones v. Freeman, 22 Wkly. Dig. 524.  An affidavit is sufficient where it states that defendants "cannot, after due diligence, be found within this state, " (they being residents of other states as therein named,) and "that the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence." Kennedy v. Trust Co., 5 N. E. Rep. 774.  The affidavit is sufficient where it states that defendant now is and long has been a resident of Baltimore, and that deponent was informed by one S. that defendant was there a day or two before the time of making the affidavit.  Lockwood v. Brantly, 31 Hun, 155.

In Von Rhade v. Von Rhade, 2 Thomp. & C. 491, which is characterized in Bixby v. Smith, 3 Hun, 60, as an extreme case, the affidavit alleged that defendant could not be found within the state, though due search had been made for him, and that, to the knowledge of affiant, he was then actually resident in Berlin, in the empire of Germany.  It was held that, though the affidavit was defective in that it did not show what efforts had been made to find defendant, it was sufficient to sustain the order of publication as against a collateral attack.

It was also held, in the following cases, that the affidavits sufficiently showed that plaintiffs had been and would be unable to make personal service with the state: Chase v. Lawton, 36 Hun, 221; Wunnenberg v. Gearty, Id. 243; Smith v. Mahon, 27 Hun, 40; Seiler v. Wilson, 12 Civil Proc. R. 267; Donnelly v. West, 66 How. Pr. 428; Andrews v. Borland, 10 N. Y. St. Rep. 396; Denman v. McGuire, 4 N. E. Rep. 278; Belmont v. Cornen, 82 N. Y. 256.

What constitutes the "due" diligence to serve process in the state, as required by law, depends to a certain extent on the facts and circumstances of each case.  Chase v. Lawton, 36 Hun, 221; Wunnenberg v. Gearty, Id. 243.  See, also, People v. Judges, 3 How. Pr. 166.

An affidavit which avers that deponent has not been able to find defendant within this state, though he has searched and inquired for him at all the places therein where the said defendant would be most likely to be found, does not show that personal service cannot, with due diligence, be made within the state. Putman v. Griffin, 19 Wkly. Dig. 46. An affidavit that defendant "has not resided in the state of New York since March, 1877, and deponent is advised and believes is now a resident of San Francisco, California," does not show that defendant could not, "after due diligence, be found within the state." Carlton v. Carlton, 85 N. Y. 313. An allegation in an affidavit that plaintiff had been and would be unable to serve defendant is a mere conclusion, and is insufficient. McLeod v. Moore, 3 N. Y. Supp. 792.

The affidavit must state the facts so that the court can judicially determine that due diligence to find defendant within the state has been used. Easterbrook v. Easterbrook, 64 Barb. 421.

The fact that defendant cannot be found within the state must be shown "by affidavit" as required by the statute, and a certificate of the sheriff to that effect is not sufficient. Easterbrook v. Easterbrook, 64 Barb. 421.

The fact of non-residence is evidence that defendant cannot be found within the state. Vernam v. Holbrook, 5 How. Pr. 3.

—— AVOIDING SERVICE. An affidavit that defendant departed from the state with the intention of "evading" service of summons upon him is not sufficient. The statute allows service by publication when defendant departs from the state to "avoid" service. Easterbrook v. Easterbrook, 64 Barb. 421.

—— INFORMATION AND BELIEF. An affidavit on information and belief that defendant has property within the state is not sufficient. The fact must be stated positively. Evertson v. Thomas, 5 How. Pr. 45. An affidavit which avers that affiant is informed that defendant is absent from the state, and that he believes that defendant is absent from the state for the purpose of defrauding his creditors, without showing the grounds for such belief, is insufficient. Warren v. Tiffany, 9 Abb. Pr. 66.

In Van Wyck v. Hardy, 39 How. Pr. 392, the affidavit stated that "defendant Thomas J. Turpin resides at or near Greenville court-house (South Carolina) aforesaid, as deponent is informed and believes; * * * that, as deponent is informed and believes, said defendant Drusilla L. E. Dillard resides in Union district, in said state of South Carolina, at or near Union court-house; * * * that, after due and diligent search and inquiry by this deponent, the said defendant named in the body of the affidavit cannot be found in the state of New York, as he is informed and verily believes." It was held that these allegations, though stated only on information and belief, tended to show the fact required to be shown. The court said: "When the place of a person's residence is unknown, inquiries in relation to it must necessarily be made of others, and the only evidence that can be produced to the court must, from the nature of the case, be based on information derived on such inquiry, and the weight and effect to be given to such information must depend on the knowledge and credibility of the party from whom it is derived. It is therefore no objection to the affidavit in question that the facts therein are stated on information and belief merely." See, also, Lyon v. Baxter, 64 How. Pr. 426; Machine Co. v. Pettibone, 74 N.Y. 68; Schroeder v. Lear, 17 Wkly. Dig. 574; Steinle v. Bell, 12 Abb. Pr. (N. S.) 171.

—— JURAT—AMENDMENT. Where the affidavit appears to have been sworn to in one county before a notary of another county, the order of publication will not be vacated, but the defect in the affidavit may be amended. Murphy v. Hall, 38 Hun, 528.

PUBLICATION—COMMENCEMENT. Publication must be commenced in each of the newspapers designated in the order within 30 days. Taylor v. Troncoso, 76 N. Y. 599. The first publication may be made on the thirty-first day, when the thirtieth day is Sunday. Gribbon v. Freel, 93 N. Y. 93.

—— MUST BE MADE IN DESIGNATED PAPERS. Publication cannot be made in a paper other than that named in the order. Brisbane v. Peabody, 3 How. Pr. 109.

—— NEED NOT PROCEED CONCURRENTLY. Publication need not proceed concurrently in the two newspapers designated by the order. Herbert v. Smith, 6 Lans. 493.

—— WHEN DISPENSED WITH—PERSONAL SERVICE. Publication need not be made as required by the order, where there has been personal service on defendant without the state. Jenkins v. Fahey, 73 N. Y. 355; Smith v. Wells, 69 N. Y. 600; Trust Co. v. Bulmer, 49 N. Y. 84; Abrahams v. Mitchell, 8 Abb. Pr. 123.

—— WEEKLY INSERTIONS. An order requiring weekly publication does not require publication on the same day of each week. Wood v. Knapp, 2 N. E. Rep. 632.

—— AMENDMENT OF SUMMONS—CONTINUING PUBLICATION. Where it is discovered, after a summons in attachment has been published for four weeks, that it is a six-day and not a ten-day summons, as required by Code Civil Proc. N. Y. § 3165, subd. 2, the amendment of the summons, and the continuation of its publication in its amended form for the residue of the six weeks, required by law, is a sufficient compliance with Code Civil Proc. N. Y. § 638, requiring service by publication of "the summons" in attachment suits to be commenced within 30 days after the granting of the warrant. Deimel v. Scheveland, 9 N. Y. Supp. 482.

WHEN PUBLICATION IS COMPLETE. Where an order directs publication once a week for six weeks, the publication is not complete merely after six publications in six dif-

ferent weeks, but six full weeks must elapse. Richardson v. Bates, 23 How. Pr. 516; Brod v. Heymann, 3 Abb. Pr. (N. S.) 396; Market Nat. Bank v. Pacific Nat. Bank, 89 N. Y. 397. Service by publication is not complete so as to limit the time for answering until the expiration of the time during which the order required that the publication should continue, though the summons was served personally without the state so as to dispense with the necessity of the publication. Market Nat. Bank v. Pacific Nat. Bank, 89 N. Y. 397; Trust Co. v. Bulmer, 49 N. Y. 84; Tomlinson v. Van Vechten, 6 How. Pr. 199; Abrahams v. Mitchell, 8 Abb. Pr. 123; Kerner v. Leonard, 15 Abb. Pr. (N. S.) 96. See, contra, Copper Co. v. Tritle, 20 Abb. N. C. 57.

—— DEATH OF PLAINTIFF PENDING PUBLICATION. Where service of a summons is commenced by publication, and before the expiration of the time of publication plaintiff dies, the continuance of the publication without regard to his death does not complete the service so as to authorize a revival of the action by plaintiff's personal representative. Reilly v. Hart, 8 N. Y. Supp. 717. Where a plaintiff dies before service by publication is complete, the action is suspended, and publication must be begun de novo. Paget v. Pease, 2 N. Y. Supp. 335.

PROOF OF PUBLICATION AND SERVICE. An affidavit which alleged that affiant deposited a copy of the summons, etc., duly directed to defendant "at Belleville, New Jersey, and paid full postage thereon, there being a regular mail communication between the city of New York and Belleville, New Jersey," shows a deposit of the papers in the post-office at New York. Steinle v. Bell, 12 Abb. Pr. (N. S.) 171. An affidavit that a complaint was mailed "on or about" a certain day is insufficient. Smythe v. Rowe, 4 Law Bull. 60.

PAPERS TO BE FILED—PUBLICATION OF SUMMONS. Code Civil Proc. N. Y. § 442, provides that, "where service is made by publication, the summons, complaint, and order, and the papers upon which the order was made, must be filed with the clerk, on or before the day of the first publication; and a notice subscribed by the plaintiff's attorney, and directed only to the defendant or defendants to be thus served, substantially in the following form, the blanks being properly filled up, must be subjoined to and published with the summons: 'To ——: The foregoing summons is served upon you by publication, pursuant to an order of ——, (naming judge and his official title,) dated the —— day of ——, 18—, and filed with the complaint, in the office of the clerk of ——, at ——.'"

Failure to file the complaint before publication avoids the proceeding, and an amendment nunc pro tunc will not be allowed. Kendall v. Washburn, 14 How. Pr. 380. The proceedings are not invalidated by mailing copies of the summons, etc., before the order is filed. Barnard v. Heydrick, 49 Barb. 62.

The statute does not require the affidavit on which the order is made to be filed; and where defective affidavits were annexed to and filed with the order, but it appeared that a sufficient affidavit was before the judge when he made the order, a motion to set it aside will be denied. Vernam v. Holbrook, 5 How. Pr. 3.

Where the notice subjoined to and published with the summons fails to show the date of the order of publication, and is not subscribed by plaintiff's attorney, the defect is not fatal. Orvis v. Goldschmidt, 64 How. Pr. 71. Nor is it fatal where plaintiff's attorney fails to sign the notice, or where the notice fails to state when the order was granted. Orvis v. Goldschmidt, 2 Civil Proc. R. 314. A misrecital in the notice of the name of the judge who made the order does not deprive the court of jurisdiction. La Farge v. Mitchell, 4 Law Bull. 36. Where the proceedings have been otherwise regular, the fact that the notice subjoined to the summons is not specially directed to defendants, and misstates the facts as to the service on defendants, will not deprive the court of jurisdiction. Loring v. Binney, 38 Hun, 152. As to irregularities in the notice held not to vitiate the proceedings on a collateral attack, see Denman v. Mc-Guire, 4 N. E. Rep. 278.

—— PERSONAL SERVICE WITHOUT THE STATE. "Where service is made without the state, the papers specified in the last section must be previously filed; and a notice must be served with the summons in all respects like the notice required by the last section, except that the words 'without the state of New York' must be substituted for the words 'by publication.'" Code Civil Proc. N. Y. 443.

If the summons and complaint be served personally, and no publication is made, a copy of the complaint need not be filed. Waffle v. Goble, 53 Barb. 517.

It is not fatal to omit the words "without the state of New York" from the notice required by section 443, or to insert in lieu thereof the words "by publication." Mc-Cully v. Heller, 66 How. Pr. 468; Thistle v. Thistle, Id. 472.

VACATING ORDER OF PUBLICATION. An order of publication will be vacated where it was granted on an unverified complaint. Luther v. Bison, 4 Law Bull. 91. The judgment roll and papers attached thereto may be resorted to on a motion to vacate, in order to prove that due diligence had been used to find defendant. Machine Co. v. Pettibone, 12 Hun, 657.

—— NOTICE OF MOTION. The notice of a motion to vacate an order of publication on the ground of irregularities must specify the irregularities complained of. O'Neill v. Bender, 13 Wkly. Dig. 47.